IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Todd Lamar Moss, | ) C/A No. 0:10-00424-HMH-PJG<br>)<br>)<br>)<br>) **REPORT AND**<br>) **RECOMMENDATION**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Petitioner, | |
| vs. | |
| Regan Pendleton, Assistant U.S. Attorney,<br>U.S. Attorney's Office of Greenville;<br>David W. Ogden, Deputy Attorney General,<br>Department of Justice;<br>David Plowden, Esq., | |
| Respondents. | |

The petitioner, Todd Lamar Moss ("Petitioner"), proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 1361 seeking mandamus relief. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Petitioner is an inmate at Federal Correctional Institution ("FCI") Estill, a facility of the Bureau of Prisons ("BOP"), and files this action *in forma pauperis* under 28 U.S.C. § 1915. The petition names federal governmental employees as respondents.[1] Having reviewed the Petition in accordance with applicable law, the court concludes that it should be summarily dismissed for failure to state a claim upon which relief may be granted.

### *PRO SE* AND *IN FORMA PAUPERIS* REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case pursuant to the procedural provisions of 28

---

[1] Title 28 U.S.C. § 1915A (a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."



U.S.C. § 1915; 28 U.S.C. § 1915A; and the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214; and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*).

The Petition has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the petition "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* petitions. Erickson v. Pardus, 551 U.S. 89 (2007). *Pro se* petitions are held to a less stringent standard than those drafted by attorneys, id; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition the

*PJG*

petitioner's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the petitioner's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## BACKGROUND

Petitioner's statement of claim alleges the following, verbatim:

> The above defendants have denied plaintiff access to the following Brady material; (1) Grand Jury Minutes for indictment 6:05-CR-526-03-HMH and (2) ballot for indictment 6:05-CR-526-03-HMH. Policy 9-5.001 regarding disclosure of exculpatory and impeachment information have been ignored in this matter with no justification.

(Pet., Docket Entry 1 at 3.) As relief, Petitioner states, "I want the Court to order the defendants to turn over the Grand Jury Minutes . . . and the ballot for said indictment 6:05-CF-526-03-HMH." (Id. at 4.)

## DISCUSSION

Petitioner asks this court to compel the respondents to disclose grand jury materials associated with Petitioner's federal conviction. Therefore, the Petitioner is seeking a writ of mandamus from the United States District Court for the District of South Carolina. Mandamus is a drastic remedy to be used only in extraordinary circumstances. See Kerr v. United States Dist. Court, 426 U.S. 394, 402 (1976). Further, mandamus relief is only available when there are no other means by which the relief sought could be granted, In re Beard, 811 F.2d 818, 826 (4th Cir. 1987), and a writ of mandamus may not be used as a substitute for appeal. In re Catawba Indian Tribe, 973 F.2d 1133, 1135 (4th Cir. 1992).

The party seeking mandamus relief carries the heavy burden of showing that he has no other adequate means to attain the relief he desires and that his entitlement to such relief is clear and indisputable. Mallard v. United States Dist. Court, 490 U.S. 296, 309 (1989); Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980). The United States Court of Appeals for the Fourth Circuit has held that:

> "[t]he party seeking a writ of mandamus must satisfy the conditions of a rigorous test, demonstrating each and every one of the following requirements: (1) he has a clear and indisputable right to the relief sought; (2) the responding party has a clear duty to do the specific act requested; (3) the act requested is an official act or duty; (4) there are no other adequate means to attain the relief he desires; and (5) the issuance of the writ will effect right and justice in the circumstances."

In re Braxton, 258 F.3d 250, 261 (4th Cir. 2001) (citing United States ex rel. Rahman v. Oncology Assocs., P.C., 198 F.3d 502, 511(4th Cir. 1999)). The Petitioner in this action fails to establish that he has a clear and undisputable right to disclosure of the grand jury materials associated with his federal criminal indictment. In addition, Petitioner does not establish the unavailability of "other adequate means" to pursue the relief he seeks. Since

PJG

the Petitioner failed to demonstrate two of the necessary conditions for the issuance of a writ of mandamus, the court need not look any further.

Further, Federal Rule of Criminal Procedure 6(e) provides for secrecy in grand jury proceedings, and for nondisclosure of such proceedings. The general rule of secrecy has been held to be essential to the purpose of the grand jury process. United States v. Proctor and Gamble Co., 356 U.S. 677, 681 (1958). An exception to the rule of secrecy is when a court directs disclosure. See Fed. R. Crim. P. 6(e)(3)(E). However, a party seeking such disclosure must establish a "particularized need" for the grand jury material. See United States v. Miramontez, 995 F.2d 56 (5th Cir. 1993). In U.S. v. Moussaoui, the United States Court of Appeals for the Fourth Circuit stated that a petitioner must demonstrate the following criteria to establish a "particularized need:" "(1) the materials are needed to avoid an injustice in another proceeding; (2) the need for disclosure is greater than the need for continued secrecy; and (3) the request is structured to cover only needed materials." United States v. Moussaoui, 483 F.3d 220, 235 (4th Cir. 2007) (citing Douglas Oil Co. v. Petrol Stops Northwest, 441 U.S. 211, 222 (1979)). In the present action, Petitioner fails to allege facts sufficient to satisfy any of the above-stated factors. As Petitioner fails to establish a "particularized need" for the requested grand jury materials, and presents no extraordinary circumstances to warrant the drastic remedy of a writ of mandamus, the instant Petition should be denied and the case summarily dismissed.

PJG

## RECOMMENDATION

Accordingly, the court recommends that the Petition in the above-captioned case be dismissed *without prejudice* and without issuance of service of process.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

April 2, 2010
Columbia, South Carolina

*Petitioner's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).