IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Todd Lamar Moss, #88064-071, | ) |
| | ) |
| Petitioner, | ) C.A. No. 0:10-424-HMH-PJG |
| | ) |
| vs. | ) |
| | ) **OPINION & ORDER** |
| | ) |
| David W. Ogden, Deputy Attorney General, | ) |
| Department of Justice; Regan Pendleton, | ) |
| Assistant U.S. Attorney, U.S. Attorney's | ) |
| Office of Greenville; David Plowden, Esq., | ) |
| | ) |
| Respondents. | ) |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Paige J. Gossett, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[1] Petitioner Todd Lamar Moss ("Moss"), a federal prisoner proceeding pro se, filed a petition seeking mandamus relief pursuant to 28 U.S.C. § 1361. Magistrate Judge Gossett recommends that the court summarily dismiss Moss' petition for failure to state a claim upon which relief may be granted.

Moss filed objections to the Report and Recommendation. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1) (2006).

1

accepted by the district judge.  See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984).  In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation.  See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that many of Moss' objections are non-specific, unrelated to the dispositive portions of the magistrate judge's order, or merely restate his claims.  Moss does, however, state one specific objection–the magistrate judge erred by not addressing his claim as arising under 42 U.S.C. § 1983.  (Objections 1-2.)  Specifically, Moss alleges that he "brought this action under § 1983 to compel [Respondents] to release certain property that was used to convict him" and to have Respondents "compensate him for denying him the opportunity to possess requested material."  (Id. at 1.)

Moss submitted a form seeking this "Court to order the defendants to turn over the Grand Jury Minutes for indictment 6:05-CR-526-03-HMH and the ballot for said indictment 6:05-CR-526-03-HMH."  (Pet. Writ Mandamus 4.)  Rule 6(e)(3)(E)(ii) of the Federal Rules of Criminal Procedure allows the court to authorize disclosure of grand jury materials "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury."

> [A] party seeking disclosure of grand jury materials must make a showing of a "particularized need" by demonstrating that (1) the materials are needed to avoid an injustice in another proceeding; (2) the need for disclosure is greater than the need for continued secrecy; and (3) the request is structured to cover only needed materials.

United States v. Moussaoui, 483 F.3d 220, 235 (4th Cir. 2007).  Moss alleges that he needs the materials so he can "review them for possible impreachment [sic] or other procedural errors."

2

(Objections 1.) However, Moss has not provided the court with any evidence of a particular need. For the same reasons, even if Moss' pleading attempted to bring a § 1983 action against Respondents, it too would be dismissed for failure to state a claim upon which relief may be granted. Accordingly, Moss' objection is without merit.

Based on the foregoing, the court adopts the Report and Recommendation of Magistrate Judge Gossett and summarily dismisses Moss' petition for failure to state a claim upon which relief may be granted.

It is therefore

**ORDERED** that Moss' petition for writ of mandamus relief, docket number 1, is dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
April 19, 2010

### NOTICE OF RIGHT TO APPEAL

The Petitioner is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.